IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COLT BUILDERS CORPORATION, Plaintiff, vs. DAVID MAILLE, Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:18cv861<br><br>Judge Dee Benson |

This matter is before the court on Defendant David Maille's *pro se* motion to dismiss for lack of personal jurisdiction. (Dkt. 9.) Plaintiff Colt Builders filed an opposition, and although Defendant was given an extension of time to file his reply (Dkt. 20), no reply has been filed and the time for doing so has expired. The court has considered the facts and arguments set forth in the documents on file. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

**RELEVANT BACKGROUND**

This lawsuit arises out of a dispute between Plaintiff Colt Builders and Defendant Maille

1

concerning a Confidentiality and Non-Solicitation Agreement ("Agreement"). Plaintiff Colt Builders is a Utah Corporation with headquarters located in Salt Lake City, Utah. Defendant Maille is an individual, domiciled in Massachusetts. Until July 17, 2018, Maille worked as a project manager for Colt.

Plaintiff Colt Builders hired Defendant Maille on September 4, 2017. (Dkt. 2, ¶ 7.) On September 6, 2017, Defendant Maille entered into a Confidentiality and Non-Solicitation Agreement. (Dkt. 2, Ex. A.) The Agreement provided, among other things, that during the term of Maille's employment he would not use or disclose confidential information and that he would not take any action that would be detrimental to the company, deprive the company of business opportunities or act in a manner that conflicted with the best interest of the company. The Agreement also stated that during Maille's employment, and for 16 months immediately after his employment with the company ceases, Maille would not solicit employees, contractors, suppliers or vendors to compete with the Company. (Dkt. 2, ¶ 8.)

The Agreement contained a forum selection clause providing as follows:

This Agreement shall be construed and enforced in accordance with the substantive laws of the State of Utah, without giving effect to its conflict of laws principles. *Employee hereby consents* and the parties agree *that the state and federal courts located in the State of Utah shall be the exclusive venue for the resolution of any dispute regarding or arising out of this Agreement*. This Agreement is intended to supplement, and does not in any way limit, any obligations or duties Employee owes to Company under statutory or common law.

(Dkt. 2, Ex. A, ¶ 17 (emphasis added).)

Plaintiff Colt Builders filed this suit against Defendant Maille claiming that Defendant breached the express terms of the Agreement by using Plaintiff's information on behalf of a

competitor and violating his duty of loyalty to Plaintiff. (Dkt. 2, ¶¶ 9-17.) Defendant responded *pro se,* asking the court to dismiss the case for lack of personal jurisdiction. (Dkt. 9.) Defendant asserts that he has never been to Utah, all of the projects he worked on for Plaintiff were in Massachusetts, all of the potential witnesses are located in Massachusetts and New Hampshire, and all of the facts of which Plaintiff complains occurred in Massachusetts and New Hampshire. (Dkt. 9, ¶¶ 2 & 5.) Defendant does not dispute that he signed the Agreement containing a forum selection clause. However, he claims that he did not have much time to read the Agreement because he was busy at work when he signed it, and "[he] did not understand a lot of what [he] did read and [didn't] recall seeing anything about Utah courts." (*Id.* ¶ 3.)

Plaintiff counters that Defendant consented to jurisdiction in Utah when he signed the Agreement containing a valid forum selection clause. (Dkt. 16.) Plaintiff further maintains that regardless of the forum selection clause, Defendant Maille has sufficient minimum contacts with the State of Utah to subject him to jurisdiction. (*Id.*)

### DISCUSSION

Plaintiff bears the initial burden of establishing personal jurisdiction over Defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). Where, as here, Defendant moves to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie case that jurisdiction exists. *Id.*

It is well-established that a party may consent to personal jurisdiction by agreeing to a forum selection clause. *See Burger King v. Rudzewicz,* 471 U.S. 462, 472 n.14 (1985). The United States Supreme Court has held that forum selection clauses are "prima facie" valid and

should be enforced unless they are "unjust or unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16-17 (1972). The party seeking to avoid the forum selection clause bears the burden of showing that enforcement is "unreasonable." *Id.*

Moreover, when parties consent to personal jurisdiction in a certain forum, there is no need to analyze the forum state's long-arm statute or the party's contacts with the forum state. *Professional Bull Riders, LLC v. Perfect Blend International, LLC*, 2016 WL 54115, *2 (D. Colo. Jan. 5, 2016); *Elec. Realty Assocs., L.P. v. Vaughan Real Estate, Inc.*, 897 F. Supp. 521, 523 (D. Kan. 1995); *see also Jacobsen Constr. Co., Inc. v. Teton Builders,* 106 P.3d 719, 726-27 (Utah 2005) (when enforceable forum selection clause exists, minimum contacts standard does not apply). Instead, the relevant inquiry is whether the forum selection clause is enforceable. *Leasing, Inc. v. Reservation Ctr., Inc.,* 2008 WL 5411478, at *1 (D. Colo. Dec. 29, 2008).

**Enforceability of Forum Selection Clause**

To determine whether the forum selection clause in this case is enforceable, the court must apply Utah law pursuant to the "choice of law" clause. *See Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 428 (10th Cir. 2006). The Utah Supreme Court has adopted the standard of enforceability found in the Restatement. *Rocky Mountain Builders Supply Inc. v. Marks*, 392 P.3d 981 (Utah Ct. App. 2017) (citing *Prows v. Pinpoint Retail Systems, Inc.*, 868 P.2d 809 (Utah 1993)). This test requires "an agreement as to the place of [an] action [to] be given effect unless it is unfair or unreasonable." *Id.*

The Utah Court of Appeals' decision in *Rocky Mtn Builders Supply Inc. v. Marks,* 392 P.3d 981 (Utah 2017), is instructive regarding the circumstances in which a forum selection

4

clause may be deemed unfair or unreasonable. That case involved a contract dispute between Rocky Mountain Builders Supply, a Utah corporation with its principal place of business in Utah, and an individual, Marks, a Montana resident. The contract between the parties was for the installation of new roofs on three structures at Marks' residence in Montana. Rocky Mountain presented Marks with a form contract that contained a forum selection clause designating Utah as the forum for resolution for any disputes between the parties arising from the contract. After installation was complete, a dispute arose and Marks refused to pay the balance due. Rocky Mountain then sued Marks in Utah. *Id.* at 982.

Like the Defendant in this case, Marks filed a motion to dismiss. The district court granted the motion on the ground that the forum selection clause was unreasonable and thus the court lacked personal jurisdiction over Marks. The district court determined that because Marks was a private citizen rather than a business entity, because the work was done on residential property rather than commercial property, and because the amount at issue was relatively small, "the burden of proceeding in Utah would impose a heavy financial and practical burden on [Marks]." *Id.* at 982, 983-84. Thus, the trial court found "Utah was so seriously an inconvenient forum" that to require Marks to defend his lawsuit here would be unjust and unreasonable, rendering the forum selection clause unenforceable. *Id.* at 983. The Utah Court of Appeals disagreed.

In reversing the trial court, the appellate court noted that although Rocky Mountain was a corporate entity with some degree of sophistication that Marks lacked, there was nothing to suggest that Marks was unable to negotiate with Rocky Mountain over the terms of the

agreement, and thus the court "decline[d] to conclude that it [was] unfair, much less unreasonable, to apply the forum selection clause to [Marks]. *Id.* at 983. The appeals court also determined that the district court's reliance on the involvement of Marks' home, the relatively small sum at issue, and the fact that Marks was an individual, not a corporation – "are not of the type that would cause the enforcement of a forum selection clause to be adjudged unfair or unjust." *Id.* Finding no other reason to provide special protection to Marks, the court concluded that district court had erred, and the forum selection clause in the contract Marks signed was enforceable. *Id.* at 983-84.

Following the rationale of *Rocky Mountain Builders Supply, Inc. v. Marks*, this court similarly concludes that Defendant has failed to carry his burden to show that the forum selection clause in the agreement he signed was unreasonable. Although Plaintiff Colt Builders presented Defendant Maille with a form agreement for signature, as in *Rocky Mountain Builders*, there are no facts to suggest that Defendant Maille was unable to negotiate with Plaintiff over the terms of the Agreement. Additionally, Defendant's claim that he did not understand or take time to read the Agreement does not render the Agreement unreasonable and therefore unenforceable. "Each party has the burden to read and understand the terms of a contract before he or she affixes his or her signature to it. A party may not sign a contract and thereafter assert ignorance or a failure to read the contract as a defense." *John Call Engineering, Inc. v. Manti City Corp.*, 743 P.2d 1205, 1208 (Utah 1987). Defendant was presumably aware of the inconvenience and expense of facing litigation in Utah at the time he signed the agreement, and yet he signed, voluntarily, as there are no facts to suggest fraud or duress. Under these circumstances, the court

finds Defendant has failed to satisfy his burden of demonstrating that the forum selection clause in this case is unreasonable and unenforceable.

**Rational Nexus**

Having determined that the forum selection clause is enforceable, Utah law provides that "jurisdiction may be properly exercised as long as there is a rational nexus between the litigation and the State of Utah." *Jacobsen Constr. Co. v. Teton Builders*, 106 P.3d 719, 722 (Utah 2005); *id.* ("When an enforceable forum selection clause exists, we require only a 'rational nexus' between Utah and the underlying dispute."). The Utah Supreme Court has expressly held that the rational nexus test is satisfied by the fact that one of the parties' primary place of business is in Utah. *Id.* at 727-27.

In this case, Plaintiff Colt Builders is a Utah corporation with its principal place of business in Utah. Accordingly, the court concludes that a rational nexus exists in this case for the exercise of jurisdiction over Defendant.

**CONCLUSION**

The forum selection clause in the agreement, requiring all claims to be litigated in Utah, is enforceable. Because Plaintiff's place of business is in Utah, there is a sufficiently rational nexus to Utah to justify exercising personal jurisdiction over the defendant. Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction is denied.

DATED this 20th day of February, 2019.

_____
Dee Benson
United States District Judge